## KLEIN et al. v. WELLS. (No. 7157.)

(Court of Civil Appeals of Texas. San Antonio. April 30, 1924.)

1. **Appeal and error** &#9756;335—Clerk's designation of parties, as appellant and appellee, regardless of who appeals, improper.

Clerk's practice, designating the parties, on the transcript, as appellant and appellee, as they stood on the docket, regardless of who appeals, is confusing, and improper, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 2081.

2. **Sales** &#9756;130(2)—Petition to rescind held sufficient.

In buyer's action to rescind sale of a business for fraud, petition *held* sufficient, as against general demurrer.

3. **Pleading** &#9756;34(3)—Every reasonable intendment indulged as against general demurrer.

Every reasonable intendment must be indulged in favor of pleadings assailed by general demurrer.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

---

&#9756;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Suit by A. Wells against T. R. Klein and another. Judgment for plaintiff, and defendants appeal. Affirmed.

R. H. Smith, of Fort Worth, for appellants.

FLY, C. J. [1] It seems to be the custom of the clerk of the county court of Tarrant county to designate on the transcript the parties as appellant and appellee, just as they stood on the trial court docket, regardless of who appeals from that court. In this case, although Wells won in the lower court, he is styled appellant on the transcript and statement of facts. This is confusing and in the face of a statute (article 2081, Vernon's Sayles' Civil Statutes), which provides: "The party taking an appeal is called the 'appellant' and the adverse party is called the 'appellee.'" The briefs have no style of the case, number, or other identification on the backs thereof.

Appellee sued T. R. Klein and R. M. Miller for $600 and the cancellation of a promissory note for $400. The cause was submitted to a jury on special issues, and on the answers thereto judgment was rendered in favor of appellee for $600 and the cancellation of the promissory note.

[2] The answer of appellants consisted of a general demurrer and general denial, and one ground of complaint is that the court overruled the general demurrer. The petition alleged that in August, 1922, R. M. Miller sold to appellee the equipment and appurtenances of a barber shop in Fort Worth, the paraphernalia being itemized and described, and also transferred to him a lease held by said Miller on the building occupied by him, the consideration for the property and lease being $1,000, of which $600 was in cash and $400 in a promissory note. It was alleged that Miller represented that he transferred the lease with the consent of Klein, and with the knowledge and consent of Klein the lease of the building and possession was turned over to appellee, and he continued to operate a barber shop, and paid the rent to Klein, who accepted the same; that on or about August 10, 1922, appellee found a purchaser for the property and lease, and requested Klein to transfer the lease to said purchaser, but he refused to do so, claiming that part of the property belonged to him and that Miller had forfeited his lease of the building prior to his sale to appellee, and by reason thereof appellee lost the sale of the property. Appellee alleged a conspiracy between Miller and Klein to defraud appellee out of the property and the money paid by him.

[3] While the petition might have been open to attack through special exceptions, it was good as against a general demurrer. It is elemental that every reasonable intendment must be indulged in favor of pleadings assailed by a general demurrer, and applying that rule the lower court did not err in overruling the general demurrer.

The jury found that appellee was induced to execute the note and part with his money on the misrepresentations as to some facts and concealment as to other facts made by both Klein and Miller to appellee. There is testimony tending to sustain the findings of the jury. The testimony of appellee and his wife shows that Klein and Miller acted together in the sale of the property, a part of which was afterwards claimed by Klein, and they acted together in the transfer of the lease, afterwards claimed by Klein to have been forfeited by Miller. Klein knew all about the trade between Miller and appellee and approved it.

The judgment is affirmed.